**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO. 2:21-cr-41** |
| **vs.** | : | **JUDGE WATSON** |
| | : | |
| **MALIK R.J. CURRY** | : | |
| **Defendant.** | : | |

**MOTION TO CORRECT FINAL PSR AND**
**STATEMENT OF REASONS**

Defendant Malik Curry, through undersigned counsel, hereby moves this Court for an Order correcting his Final PSR and Statement of Reasons by removing one of the "status points" scored to compute his Criminal History Category.

Respectfully submitted,

  /s/  Steven S. Nolder
Steven S. Nolder (0037795)
65 E. State Street, Suite 200
Columbus, Ohio 43215-3469
(614) 221-9790
snolder9@gmail.com
Attorney for Malik Curry

**MEMORANDUM**

On January 11, 2023, Curry pled guilty to conspiring to violate federal narcotics laws. (R. #211, Final PSR, PAGE ID #678). The plea agreement filed to resolve this case had a Fed. R. Crim. P. 11(c)(1)(C) sentencing agreement wherein the parties agreed that Curry's sentencing range would be between 120-132 months. (R. #211, Final PSR, PAGE ID #678-79).

1

Curry's Final PSR was disclosed on March 30, 2023, and his Total Offense Level was computed to be 31 and his Criminal History Category was VI. (R. #211, Final PSR, PAGE ID #683 & 691). To arrive at Criminal History Category VI, two criminal history points were scored because Curry was on supervision when he was part of the drug conspiracy. (R. #211, Final PSR, PAGE ID #691, ¶62). The addition of these "status points," under USSG § 4A1.1(d), increased Curry's criminal history points from 11 to 13. (R. #211, Final PSR, PAGE ID #691, ¶¶62 & 63). This, in turn, increased his Criminal History Category from V to VI. (R. #211, Final PSR, PAGE ID #691, ¶63).

On August 5, 2022, the Sentencing Commission finally regained a quorum enabling it to amend the Sentencing Guidelines Manual for the first time since November 1, 2018. On February 2, 2023, the Sentencing Commission proposed amendments to the Manual and requested public comments on these amendments on or before March 14, 2023.

After conducting hearings on the proposed amendments and considering all public comments, on April 27, 2023, the Commission voted to promulgate Amendment 821. Part of this amendment struck § 4A1.1(d) from the Manual. Before Amendment 821, § 4A1.1(d) required the scoring of two criminal history points if the defendant was under supervision when he committed a federal crime. However, Amendment 821 only permitted the scoring of "status points" if the defendant was both under supervision when he violated federal law and he also had seven criminal history points scored. USSG § 4A1.1(e). If those two requirements were met, then only one criminal history point would be scored.

After the Commission's actions on April 27, 2023, Congress had until November 1, 2023 to reject this amendment. Moreover, at the time Amendment 821 was promulgated, it was unclear whether it would be applied retroactively.

On June 1, 2023, this Court convened a sentencing hearing at which Curry's Total Base Offense Level was set at 31 and his Criminal History Category was VI, establishing a sentencing range of 188-235 months. (R. #222, Sealed Statement of Reasons, PAGE ID #791).  However, after this Court accepted the binding plea agreement, Curry's sentencing range was reduced to 120-132 months. After hearing from counsel and giving Curry an opportunity to allocute, this Court imposed a 124-month prison sentence, ordered Curry to complete five years of supervised release, and ordered him to pay a $100.00 special assessment.  (R. #221, Judgment).

Part of this Court's judgment was a "recommendation" for Curry to serve his sentence at FMC Lexington because of his diabetic condition chronicled in his Final PSR.  (R. #211, Final PSR, PAGE ID #693, ¶77). Despite this recommendation, the BOP designated Curry to a USP-level facility which has caused him to first be housed in USP Coleman and then at USP Pollock.

Several months after sentence was imposed, on August 24, 2023, the United States Sentencing Commission added language to USSG § 1B1.10 expressly applying Amendment 821 retroactively.   https://www.ussc.gov/guidelines/amendments/retroactivity-amendment-effective-november-1-2023, p.3.  After Congressional inaction, § 4A1.1(e) became part of the Manual on November 1, 2023, and it also applied retroactively to inmates, like Curry, who had already been sentenced.

Pursuant to § 4A1.1(e), Curry would only have one "status point" scored because he was on supervision when he violated federal law and he also had at least seven criminal history points scored.  After this point is scored, Curry would have 12 criminal history points, placing him in Criminal History Category V as opposed to Criminal History Category VI.  This would reduce Curry's sentencing range from 188-235 months to 168-210 months after this new Criminal History Category is combined with his Total Offense Level 31.

Admittedly, this new guideline sentencing range is still above the Rule 11(c)(1)(C) sentencing range forged in Curry's plea agreement, 120-132 months. Consequently, Curry concedes that this change won't affect the length of this Court's prison sentence; however, it will affect the BOP's scoring of his Security Points and should reduce his security level from a USP-level to a Medium-level facility.

BOP Program Statement P5100.08 provides the method by which an inmate's security level is determined. https://www.bop.gov/policy/progstat/5100_008.pdf. After sentence is imposed, the inmate's PSR and other relevant documents are sent to the BOP's regional designation center to perform a security level computation. The score sheet used by the BOP is found in Program Statement P5100.08, Chapter 4, p. 16. In short, the inmate's number of security points as well as any other "public safety factors" are used to divine a security point total which will guide the level of prison security required. Program Statement P5100.08, Chapter 5, p. 12.

Undersigned counsel used the information found in Curry's Final PSR as well as BOP's Program Statement and determined he had 25 security points when his security level was computed. Because Curry had 24 or more security points, he was designated to a USP-level facility. Program Statement P5100.08, Chapter 5, p. 12.

Curry's security point total was arrived at as follows: (1) because he was detained at the time of sentencing, 0 points were assessed in the "Voluntary Surrender Status" field found in Program Statement P5100.08, Chapter 4, p. 16, #5; (2) because the relevant conduct in his case was more than 667 grams but less than 16,000 grams of methamphetamine, the offense was scored as "moderate." Program Statement P5100.08, Appendix A, Page 3. This yielded three security points. Program Statement P5100.08, Chapter 4, p. 16, #7; (3) because 13 criminal history points were scored, 10 security points were assessed. Program Statement P5100.08, Chapter 4, p. 16, #8;

4

(4) because the disorderly conduct conviction found in his Final PSR (¶59) occurred within five years of the federal offense and the conduct was originally charged as a felonious assault, seven security points were scored.  This was scored with seven points because the BOP would consider this "serious" conduct occurring within five years of the federal offense. Program Statement P5100.08, Chapter 4, p. 16, #9. Importantly, Program Statement P5100.08, Chapter 4, p. 9 is clear that "[S]everity of violence is determined by the offense behavior regardless of the conviction/finding of guilty offense;" (5) four security points would be added because Curry was 26 years old when his PSR was written. Program Statement P5100.08, Chapter 4, p. 16, #12; and (6) because Curry used drugs within five years of his federal arrest, one point would be scored. Program Statement P5100.08, Chapter 4, p. 16, 14.

After these values are aggregated, undersigned counsel projects that the BOP scored 25 security points, firmly placing Curry in a USP-level facility. Program Statement P5100.08, Chapter 5, p. 12.

However, if Amendment 821 is retroactively applied to Curry's case, he would have 12 criminal history points, placing him in Criminal History Category V.  A Criminal History Category V designation would only add eight security points, not the 10 originally scored for his Criminal History Category VI. Program Statement P5100.08, Chapter 4, p. 16, #8. After this adjustment is made, Curry would have 23 security points, dropping his BOP Security Level from USP-level to Medium-level.  Program Statement P5100.08, Chapter 5, p. 12.

In closing, Malik Curry hereby moves this Court for an Order requiring the Probation Office to generate an amended PSR where only one status point is scored in paragraph 62 which would reduce his Criminal History Category from VI to V.  Finally, Curry also moves this Court to file an amended Statement of Reasons to reflect this change.  Both documents should then be

transmitted to the BOP's regional designation center so that Curry's security-level is recomputed.

All other provisions of the original sentence would remain unchanged.

Respectfully submitted,

  /s/  Steven S. Nolder
Steven S. Nolder  (0037795)
65 E. State Street, Suite 200
Columbus, Ohio 43215-3469
(614) 221-9790
snolder9@gmail.com
Attorney for Malik Curry

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this motion was electronically served upon

AUSAs Courter Shimeall and Elizabeth Geraghty this 17th day of July, 2024.

  /s/  Steven S. Nolder
Steven S. Nolder  (0037795)
Attorney for Malik Curry