## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America,

     v.                                                     Case No. 2:21-cr-41

Malik Curry,                                              Judge Michael H. Watson

     Defendant.

### OPINION AND ORDER

Defendant moves for compassionate release on the basis that he is a Type 1, insulin-dependent diabetic and is incarcerated in a facility that, he argues, is unable to provide necessary care.  Mot., ECF No. 249.  He also states that he has less than one year remaining on his sentence of incarceration.  *Id.*

The compassionate release statute plainly states a defendant may not move until the earlier of: (1) his "exhaust[ion of] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  This statutory administrative exhaustion requirement is a mandatory claims-processing rule that must be enforced when properly invoked.  *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Defendant's motion contains no indication that he exhausted his administrative remedies or that the warden received his request for release more than thirty days ago.  The motion is therefore **DENIED WITHOUT PREJUDICE** to

refiling with allegations that Defendant satisfied those prerequisites to filing. The Clerk shall terminate ECF No. 249.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**